USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
KRYSANNE KATSOOLIS, ET AL.,                                   :
                                        Plaintiffs,           :   18 Civ. 9382 (LGS)
                                                              :
                        -against-                             :   **ORDER**
                                                              :
LIQUID MEDIA GROUP, LTD., ET AL.,                             :
                                        Defendants.           :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the September 27, 2019, Opinion and Order granted in part and denied in part Defendants' Motion to Dismiss. *See Katsoolis v. Liquid Media Grp., Ltd.*, 18 Civ. 9382, 2019 WL 4735364, at *1 (S.D.N.Y. Sept. 27, 2019) (the "Order"). Among other rulings, the New York City Human Rights Law ("NYCHRL") claim for workplace gender discrimination, under N.Y. Administrative Code § 8-107(1)(a)(3), was dismissed. The Order permitted Plaintiffs to file a proposed Second Amended Complaint ("SAC") to cure pleading deficiencies identified in the Order;

WHEREAS, Plaintiffs timely filed a proposed SAC. Defendants timely opposed the proposed amendments, in particular, the repleading of the NYCHRL claim. It is hereby

**ORDERED** that the request to file an SAC, consistent with the proposed SAC at Dkt. No. 134-1, is GRANTED in part and DENIED in part. The Court should "freely give leave [to amend] when justice so requires" unless amendment is futile. Fed. R. Civ. P. 15(a)(2). Plaintiffs may file the SAC in accordance with the following directions:

1. The request to add Defendant Liquid Media Group (Canada), Ltd. ("Old Liquid") as a defendant to the SAC is GRANTED. For clarity, Plaintiffs shall omit the defined term "Combined Company" -- except where quoting a source that refers

to the "Combined Company" -- because this term is redundant with the defined term "New Liquid." Both "New Liquid" and "Combined Company" refer to the entity formed after the January 2018 reverse merger, when an entity formerly known as "Leading Brands, Inc." acquired Old Liquid. To the extent the SAC refers to both Old Liquid and New Liquid collectively, it shall explicitly state so.

2. The request to replead the NYCHRL claim against the entity Defendants and individual Defendants is GRANTED. N.Y. Administrative Code § 8-107(1)(a)(3) (emphasis added) permits these claims against employer and employees alike, providing that "[i]t shall be an unlawful discriminatory practice [f]or an *employer or an employee* or agent thereof, because of the actual or perceived . . . gender . . . of any person . . . [t]o discriminate against such person in compensation or in terms, conditions or privileges of employment." A NYCHRL employment gender discrimination claim requires pleading that a plaintiff "has been treated less well than other employees *because of her gender*" and that "the conduct is caused by a discriminatory motive." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (emphasis added) (internal quotations omitted); *accord Henderson v. Physician Affiliate Grp. of New York P.C.,* No. 18 Civ. 3430, 2019 WL 3778504, at *4 (S.D.N.Y. Aug. 12, 2019) ("[T]o survive a motion to dismiss under all of the provisions at issue in this case [including § 8-107(1)(a)(3)], the facts alleged must provide at least minimal support for the proposition that the employer was motivated by discriminatory intent.") (internal quotations omitted). Although the operative Amended Complaint does not have sufficient allegations of discriminatory motive, the proposed SAC cures this deficiency by alleging, for instance, that: (1)

Defendants disparaged Plaintiff Krysanne Katsoolis' alleged sexual relationship although they did not do the same regarding a male Defendant's sexual relationship, (2) Defendants directed regular hostile rhetoric at Plaintiff Katsoolis in the workplace but never did so toward male colleagues, and (3) Defendant Jackson offered to install a male colleague in an office with a salary, although he gave Plaintiff Katsoolis the choice of either an office or salary around the same time period.  These examples together -- particularly in light of Defendants' hostility toward Plaintiff's sexuality, a trait intertwined with her gender -- provide minimal support of gender-based motivation at the pleading stage.  The allegations also plead differential treatment.

Although Defendants argue that the allegation that a male Defendant engaged in a sexual relationship is irrelevant, not supported by the discovery record and should therefore be stricken, the Court disagrees for the foregoing reasons.  Defendants further argue that the allegation is unhelpful because only one individual Defendant disparaged Plaintiff Katsoolis's sexual relationship and it was this same Defendant who himself engaged in the sexual relationship the proposed SAC alleges.  According to Defendants, the other individual Defendants did not comment on Plaintiff's or any other colleagues' sexual relationships.  But § 8-107(1)(a)(3) holds an "employer" liable for actions of any "employee or agent."  Furthermore, the proposed SAC alleges that Plaintiff attempted to seek help at least from Defendant Jackson regarding his co-Defendant's comments about her sexual relationship, but he ignored her.  The NYCHRL claim can properly stand, at the pleading stage, against all Defendants.  To the extent the discussion of the individual Defendant's sexual relationship in the SAC is sensitive, Defendants may request the discussion be redacted.

3

3. The request to add a personal jurisdiction statement based on general jurisdiction over the SAC's proposed Defendants is DENIED. The Order held that personal jurisdiction exists over the proposed entity Defendants and Defendant Daniel Cruz under specific jurisdiction, and that analysis also applies to the SAC. *See* Order, 2019 WL 4735364, at *6-8.

Specific jurisdiction also exists over the SAC's proposed Defendants Joshua Jackson and Charles Brezer for the NYCHRL claims. Specific jurisdiction requires that a defendant has been properly served, and that the service comports with the law of the forum state and with constitutional due process. *Licci ex rel. Licci v. Lebanese Canadian Bank*, 673 F.3d 50, 59-60 (2d Cir. 2012). Defendants previously challenged whether New York's long-arm statute CPLR § 302(a) was satisfied, but made no due process or service challenges. "To determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction," *i.e.* "there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007). Regarding the first prong, both Defendants Jackson and Brezer transacted business in New York: they purposefully installed Plaintiffs as the Liquid entities' New York presence, and collaborated with Plaintiffs remotely to acquire financing and projects for the Liquid entities in the New York area. The proposed SAC also alleges that both Defendants traveled to New York on Liquid business at least in July 2017 and March 2018, including to meet with Plaintiff.

4

There is also an articulable nexus between Defendants Jackson and Brezer's New York business activity and the hostile work environment claims. The very context in which Plaintiff Katsoolis alleges she was subject to gender-based discrimination were these business interactions with Defendants Jackson and Brezer. For example, the SAC pleads an accumulation of hostile remarks directed toward her from both Defendants, as they all worked together on Plaintiffs' New York projects. When Defendant Cruz allegedly defamed Plaintiff Katsoolis on a call with a New York shareholder, she sought help, to no avail, from Defendant Jackson. Plaintiff Katsoolis sought an office from Defendant Jackson in New York, but he denied the request unless she agreed to forego her salary, although he provided an office to a male colleague. *See Belabbas v. Inova Software Inc.*, 16 Civ. 7379, 2017 WL 3669512, at *3 (S.D.N.Y. Aug. 24, 2017) (finding personal jurisdiction existed over a France-based executive under § 302(a), for an NYCHRL discrimination claim by a New York employee, where the executive had "near-daily contact" remotely with the New York office, oversaw and interacted with the New York employee regularly, "made decisions to exclude Plaintiff" from New York business activity and "ultimately decided to fire her.").

The Court, however, does not have general jurisdiction over the entity or individual Defendants. General jurisdiction exists over individuals in the state where they are domiciled and over corporations where their place of incorporation or principal place of business is, although in "exceptional case[s]" a defendant's "affiliations with the State [may be] so continuous and systematic as to render it essentially at home in" another state. *See Brown v. Lockheed Martin Corp.*, 814 F.3d

619, 627 (2d Cir. 2016) (*citing Daimler AG v. Bauman*, 571 U.S. 117, 138-139 & 139 n.19 (2014)). Regarding the entity Defendants, there is no dispute that they are incorporated and based in Canada, not New York. Similarly, there is no dispute that the proposed individual Defendants are domiciled outside New York. The proposed SAC does not plead facts to show that any of these Defendants have such "continuous and systematic" contacts with New York as to render them essentially at home in New York. Plaintiffs therefore shall exclude any personal jurisdiction statement based on general jurisdiction in the SAC.

4. The request to plead a veil piercing theory, under British Columbia ("B.C.") law, that the individual Defendants are alter egos to the entity Defendants, is DENIED. As the Order held, the theory that New Liquid is an alter ego of Old Liquid may proceed. *See* Order, 2019 WL 4735364, at *3-4. The proposed SAC, however, also seeks to hold the individual Defendants personally liable for the contract and quasi-contract claims asserted against the entity Defendants, under a theory that these individuals are alter egos to the entities. Veil piercing, under B.C. law, requires alleging that "(1) there is complete control of the subsidiary, such that the subsidiary is the 'mere puppet' of the parent corporation, and (2) the subsidiary was incorporated for a fraudulent or improper purpose or used by the parent as a shell for improper activity." *See id.* at *3. Although the proposed SAC alleges the individual Defendants did not observe corporate formalities or keep Plaintiffs abreast of corporate developments, these allegations are insufficient to show that these individuals "complete[ly] controlled" the entities as their "mere puppet[s]." Rather,

they show merely that the individual Defendants excluded Plaintiffs from Liquid dealings.

5. The request to plead allegations that Defendant Cruz did not receive a college education is DENIED. Defendants argue that they would move to strike this allegation, under Federal Rule of Civil Procedure 12(f), as "immaterial, impertinent," controverted by the facts and designed needlessly to embarrass Defendant Cruz. Since the SAC has not been filed yet, the motion to strike is premature, but Plaintiff shall not include this irrelevant allegation in the SAC. It is further

**ORDERED** that Plaintiff shall file an SAC, consistent with the above directions, by **November 26, 2019.** Defendants shall respond to the Complaint **by 21 days after** Plaintiff has filed the SAC. A Fifth Amended Case Management Plan will follow separately.

Upon the filing of the Second Amended Complaint, the Clerk of Court is respectfully directed to reinstate Charles Brezer and Joshua Jackson as defendants on the docket.

Dated: November 15, 2019
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**