

399 PARK AVENUE    212 980 7400 TEL
SUITE 3600    212 980 7499 FAX
NEW YORK NY 10022-4690    ROBINSKAPLAN.COM

LISA M. COYLE
212 980 7468 TEL
LCOYLE@ROBINSKAPLAN.COM

January 31, 2020

*VIA ECF*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/12/2020
```

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 1106
New York, New York 10007

      Re: **Katsoolis et al. v. Liquid Media Group, Ltd., et al.**, Case No. 1:18-cv-09382
            Pre-Motion Letter for Motion to Compel

Dear Judge Schofield:

      We represent Liquid Media Group, Ltd., Liquid Media Group (Canada), Ltd. (together, "Liquid Media" or the "Company"), Daniel Cruz, Charles Brezer and Joshua Jackson (together with Liquid Media, "Defendants") in the above-referenced action. Pursuant to Subsections II.B.2., III.A.1, and III.C.3 of Your Honor's Individual Rules and Procedures for Civil Cases, we write to request a pre-motion conference, to be set for February 14, 2020, or as soon thereafter as is convenient for the Court, on Defendants' anticipated motion to compel under Fed. R. Civ. P. 37(a).

      This pre-motion letter arises from Defendants' second set of requests to Plaintiffs Krysanne Katsoolis and Five Zoo Concepts & Design Inc. (together, "Plaintiffs" and, together with Defendants, the "Parties"). Those requests seek, in relevant part, documents and communications concerning: (i) any work Katsoolis did or directed a third party to do, for any company besides Liquid Media, including Viewpark LLC ("Viewpark"); (ii) Katsoolis's efforts to raise money for any company besides Liquid Media; (iii) investors in any company with which Katsoolis is or was affiliated besides Liquid Media; and (iv) income, profits, or any other amounts received by Katsoolis in connection with her work for any company besides Liquid Media (the "Requests").[1] For discovery responsive to the Requests, Plaintiffs refuse to produce any documents or communications that are: (i) from December 31, 2018 through August 24, 2019; and (ii) related to companies other than Viewpark (together, the "Documents").[2] The Parties have met and conferred in vain. Defendants now have no choice but to seek an order from this Court compelling Plaintiffs to produce the Documents.

---

[1] Defendants served their second set of document requests on Plaintiffs on May 23, 2019. Plaintiffs then waited almost ***six months*** to lodge formal objections to the Requests, in which they refused to produce responsive documents to all but one of the document requests.

[2] After some discussion, Plaintiffs agreed to produce tax documents pertaining to one company, Cactus Three, but nevertheless refused to produce other documents pertaining to that company and to other companies.

1. **This Court Should Compel Plaintiffs to Produce the Documents, Which Are Highly Relevant to Defendants' Counterclaims Against Katsoolis**

The Documents are narrowly tailored in time and directly relate to the Answer to the Second Amended Complaint and Affirmative Defenses with Counterclaims ("Counterclaims") that Defendants filed on January 24, 2020. The Counterclaims assert, among other things, that Katsoolis: (i) breached her fiduciary duties of loyalty and confidentiality to Liquid Media; (ii) violated her non-compete agreement with the Company; and (iii) misappropriated and diverted Liquid Media's corporate opportunities (Dkt. 151 at pp. 22-24, ¶¶1-8 and pp. 33-42, ¶¶37-62). For instance, Katsoolis incorporated Viewpark in June 2018, while she was still the President and a director of Liquid Media (*id.* at p. 39, ¶52 and p. 49, ¶99). And on an audio recording, Katsoolis can be heard revealing Liquid Media's confidential information to third parties and expressing an intent to usurp the Company's business opportunities for herself (*id*. at pp. 40-41, ¶¶55-60).

Given these allegations, Plaintiffs' refusal to produce the Documents is patently improper. It is well settled that Defendants "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 2(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010) (internal citations omitted). Plaintiffs have identified no reason why, under that "extremely broad concept" of discovery, they are now unreasonably withholding Documents that are clearly pertinent to Defendants' Counterclaims.

   a. **Plaintiffs Must Produce Documents Dated December 31, 2018 through August 24, 2019**

Although Plaintiffs refuse to produce Documents post-dating December 31, 2018, Documents through August 24, 2019 are vital to the Counterclaims. Defendants allege that Katsoolis violated her non-compete agreement, which was effective through August 24, 2019. The Parties first signed the agreement in 2017 and then impliedly renewed it at the end of that year, when they continued their working relationship without entering a new contract. Indeed, the agreement containing the non-compete provides that it "may be extended by mutual agreement between the parties" (Dkt. 151 at p. 27, ¶21 and p. 30, ¶28). The non-compete expressly applied "for one (1) year following the termination of the agreement" (*id.* at p. 23, ¶5 and p. 49, ¶98). Because Katsoolis resigned on August 24, 2018, she was bound by the provision until August 24, 2019.[3]

---

[3] Plaintiffs' only defense against production of these Documents is that the 2017 agreement contained a general clause stating that it could only be amended by written consent of the parties. However, that clause applies generally to the agreement, whereas the clause that sets forth the *term* of the agreement *specifically states* that the term may be extended by "mutual agreement between the parties," and is *not* limited to *written* agreement between the parties. Basic tenets of contract interpretation make clear, therefore, that, while the majority of the provisions in the agreement required written consent to amend, the *term* of the agreement could be extended without a writing. *In re G+G Retail, Inc.*, Case No. 06-10152, 2010 Bankr. LEXIS 465, *12 (Bankr. S.D.N.Y. Feb. 24, 2010) ("a specific provision in a contract generally will govern over a general provision to the extent it applies to the facts at issue") (internal citations omitted); *see also* Restatement (Second) of Contracts § 203(c) ("specific terms and exact terms are given greater weight than general language"). Clearly, the parties knew how to require written consent when they wished to do so, and they specifically *declined* to do so in the provision dealing with the term of the contract.

Documents through August 24, 2019 are therefore directly relevant to Defendants' Counterclaims. During her deposition, Katsoolis testified that in 2019 she worked with one of her colleagues to put together a film fund specifically for Viewpark. And a public *Variety* article titled "Krysanne Katsoolis Sets Up Viewpark With $200 Million Fund" reported that by May 20, 2019, the date of the article, "Obsidian, based in London and Cayman Islands… [had already] made an initial commitment of $200 million to support Viewpark's production and release plans."[4] Because Katsoolis was subject to the non-compete provision with Liquid Media through August 24, 2019, and Defendants have ample basis to claim that she violated the provision during that period, Documents through that date fall into the "extremely broad concept" of relevant discovery in this case. *Trilegiant*, 272 F.R.D. at 363; *see also Ferguson v. Ferrante*, No. 13 Civ. 4468, 2014 U.S. Dist. LEXIS 46456, *11 (S.D.N.Y. April 3, 2014) (granting motion to compel documents relevant to a non-compete claim through the end of the agreement's non-solicitation period); *ICC Chem. Corp. v. Klein*, 243 A.D.2d 403 (1st Dep't 1997) (compelling production of bank records and tax returns of former employee and corporation who allegedly breached confidentiality and noncompetition provisions of employment and consulting agreements).

### b. Plaintiff Should Produce Documents Responsive to the Requests Pertaining to Work, Fundraising, and Investment Efforts Katsoolis Did For Any Company Other Than Liquid Media

Plaintiffs have also improperly refused to produce responsive Documents pertaining to Katsoolis's work, fundraising, and investment efforts related to companies other than Viewpark, claiming that they are "irrelevant to this litigation." But the Documents related to Katsoolis's work for companies other than Viewpark and Liquid Media are entirely pertinent to Defendants' Counterclaims. It hardly needs to be said that Katsoolis's breach of fiduciary duties and of the non-compete provision constitutes a breach regardless of whether it pertained to her work for Viewpark or for any other company. *See Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 364, 368 (D. Conn. 2005) (granting motion to compel documents concerning plaintiff's business relationships with other companies before and after his resignation from defendant company because plaintiff "may be in breach of his contractual obligations if he competed with [Defendant] at any time prior to his resignation"). And Katsoolis herself testified during her deposition that, while she was employed at Liquid Media, she was involved with at least two companies other than Viewpark.

### 2. This Court Should Exercise Its Wide Discretion to Order Plaintiffs to Pay Defendants' Attorneys' Fees for the Vexatious Expense Plaintiffs Have Inflicted.

By intransigently refusing to produce the Documents, Plaintiffs have inflicted upon Defendants unnecessary attorneys' fees. This Court should therefore exercise its "wide discretion" to sanction Plaintiffs for their discovery abuses and order them to compensate Defendants for the attorneys' fees they would not have incurred absent Plaintiffs' baseless refusal to produce the amply relevant Documents. *See, e.g.*, *SEC v. Yorkville Advisors, LLC*, No. 12-cv-7728, 2015 U.S. Dist. LEXIS 24578, *7 (S.D.N.Y. Feb. 27, 2015) ("'Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses.'") (citing *Reilly v. Natwest Mkts. Grp. Inc*., 181 F.3d 253, 267 (2d Cir. 1999)).

---

[4] *See* https://variety.com/2019/film/global/krysanne-katsoolis-viewpark-1203221532/.

        Respectfully submitted,

        */s/ Lisa M. Coyle*
        Lisa M. Coyle

> Plaintiffs shall produce all responsive non-privileged documents on or before March 12, 2020. If there is a specific request with respect to which the Plaintiffs have an appropriate objection, they may move to quash or for a protective order, or otherwise seek relief from the Court. The request for attorney's fees is denied without prejudice to renewal in the event there is a further discovery dispute. Failure to comply with this order may result in sanctions. SO ORDERED
>
> Date: 2/12/2020
> New York, New York
>
> _____
> Mary Kay Vyskocil
> United States District Judge